## John G. Loring & others *vs.* James Eager.

The certificate of an insolvent debtor's discharge is a good defence to an action, which was commenced, and in which the defendant's property was attached, and the attachment dissolved by giving a bond pursuant to the act of 1838, *c.* 163, § 20, before the institution of the proceedings in insolvency; and, in such case, the plaintiff cannot have judgment, with an order for a stay of execution, so as to render the sureties in the bond liable for a breach of the condition.

This was an action of debt on a bond given to dissolve an attachment, and was submitted to the court of common pleas upon an agreed statement of facts. That court gave judgment for the defendant, and the plaintiffs appealed.

It appeared, from the agreed statement, that, when this action was commenced, the writ therein was served upon the defendant by an attachment of his property; which attachment was dissolved by the defendant's giving a bond with sureties, dated the 17th of January, 1846, the condition of which was, that the same should be void, if the defendant should well and truly pay or cause to be paid to the plaintiffs, such amount as they should recover in this suit, within thirty days after final judgment therein.

It appeared, also, that, subsequent to the commencement of this action, namely, in May, 1846, the defendant applied to a master in chancery for the benefit of the insolvent law, and that such proceedings ensued thereupon, that the defendant was duly discharged, and obtained his certificate as an insolvent debtor, on the 11th of December, 1846. The defendant relied upon his discharge, the certificate of which was on file in the court below, in bar of this action.

The plaintiffs moved for judgment, in the court of common pleas, against the defendant, with an order for a stay of execution; so that the condition of the bond might be broken, and the sureties made liable therefor. They also made the same motion in this court.

*G. G. Hubbard,* for the plaintiffs.

*G. D. Wilmot,* for the defendant.

METCALF, J. The defendant's property was attached in this suit, and the attachment was dissolved by his giving bond with sureties, pursuant to *St.* 1838, *c.* 163, § 20. The condition of the bond was, that the obligors would pay to the plaintiffs the amount, if any, that they should recover in this suit, within thirty days after final judgment. The defendant afterwards obtained a discharge under the insolvent laws. This discharge, as we understand the case, was presented to the court of common pleas, as a bar to further proceedings in the suit. That court thereupon entered judgment for the defendant; from which judgment the plaintiffs appealed to this court.

The plaintiffs do not contend that the claim now in suit was not provable against the defendant, under the proceedings in insolvency, and that he, therefore, is not discharged from it by his certificate; but they ask for the entry of a special judgment, which shall preserve their alleged right against the sureties on the bond by which the attachment was dissolved. In other words, their motion is, that judgment may be rendered against the defendant, with an order for a perpetual stay of execution; so that the condition of the bond may be broken, and the sureties made liable for a breach of that condition.

The court are of opinion that this motion must be denied. The ground, on which the plaintiffs attempt to support it, is untenable. They argue that the defendant's discharge merely exempts him from personal liability, and that his *debt* to them is not discharged. But the *St.* of 1838, *c.* 163, § 7, provides that a debtor, who makes full disclosure and delivery of all his estate, and conforms himself, in all things, to the direc-

tions of the statute, shall have a certificate thereof granted to him, and "shall be thereupon absolutely discharged from all his debts," which are provable under the proceedings in insolvency. We know no difference, in this case, between a debtor's being discharged from his debts, and his debts being discharged.

The bond was a security substituted for the security obtained by the attachment of the defendant's property; and we cannot suppose that the legislature intended that the plaintiffs should have any greater rights under the bond, in a case like this, than they would have had under the attachment. It might have been otherwise, if the claim in suit had not been provable against the defendant's estate, and therefore not discharged by his certificate. The attachment, in such case, would indeed have been dissolved by the assignment of the defendant's property; but the suit might have proceeded to judgment against him, without regard to his discharge; and his failure to pay the amount of the judgment, in thirty days, might in thirty days have been a breach of the condition of the bond, and the sureties might have been liable. But in the present case, the debt, on which the attachment was made, was provable against the defendant's estate, and he is discharged therefrom. If a special judgment should be rendered against him, and his sureties made liable to pay that judgment, they would have a claim against him, for reimbursement, notwithstanding his discharge; for they had no claim against him which they could have proved under the proceedings in insolvency. *Sampson* v. *Clark*, 2 Cush. 173. The legislature, by providing, in the insolvent law, for the dissolution of an attachment, by the debtor's giving bond, with sureties, to pay the final judgment, could not have meant that such an effect as the plaintiffs contend for should be produced. This provision was intended for the debtor's relief. But the construction, which we are urged to give to it, would be oppressive to the debtor, and work inequality among his creditors.

Besides, if the entry should be made which the plaintiffs

ask for, it would not effect their purpose. The condition of the bond, which the sureties executed, was to pay the plaintiffs the amount, if any, which they should recover against the defendant by final judgment in this action. A judgment, from which the defendant is in effect, though not in form, discharged, cannot be within the meaning of this condition. It must be a judgment, by non-payment of which the defendant is in default. Suppose the defendant had not interposed his certificate of discharge as a bar to this action, and judgment had been rendered against him, and the plaintiffs had thereupon given him a voluntary release. Could they afterwards have resorted to the sureties on the bond, upon the ground that the defendant had not paid the judgment within thirty days after it was rendered?

In the case of *Davenport* v. *Tilton*, 10 Met. 330, which was cited at the argument, as a precedent, a special judgment was entered for the purpose of securing to the plaintiff a right expressly granted to him by the bankrupt act of 1841. The end was provided for by that act, but the means of obtaining that end were not prescribed. The court therefore entered a special judgment as the means properly adapted to the end. But in the present case, the plaintiffs seek a special judgment for the purpose of defeating the chief end which the insolvent law intended to secure to the defendant.

*Judgment of the court of common pleas affirmed.*